PAT ANDERSON v. THE STATE.

No. 3109. Decided June 20, 1906.

**1.—Statement of Facts—Twenty-Day-Order—Docket.**

Under the present law, a twenty-day-order to file statement of facts is sufficient when entered on the docket, without carrying same into the minutes of the court.

**2.—Theft of Hogs—Statement of Facts—Want of Diligence.**

Where a twenty-day order was entered upon the judge's docket for the filing of a statement of facts on November 25, and the court adjourned on the 27th of same month, and the statement of facts was not filed until January 4, following; and it was not shown when the district attorney approved the same, and why the whereabouts of the judge was not ascertained before the expiration of the twenty days, and why his approval was not procured in time, a motion to strike out the statement of facts was well taken.

Appeal from the District Court of Bandera. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of theft of hogs; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John R. Storms,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft of hogs. The Assistant Attorney-General moves to strike out the statement of facts because not filed within time. This is met by affidavit as to diligence, and certificate of the clerk that the proper order was entered upon the docket allowing twenty days after the adjournment of the term in which to file said statement of facts. The entry upon the docket is sufficient, under the present law, without being carried for-

ward into the minutes of the court. In regard to the diligence used we find that the court adjourned on November 27th. The order allowing the twenty days was entered on November 25th. The statement of facts found in the record contains eight pages, and was filed on January 4th, after the adjournment on November 27th. The affidavits show that the attorney for appellant prepared a statement of facts, presented it to the district attorney for his approval, and that it was approved by him, but does not state the date when the agreement was reached and the approval had. It is further shown in the affidavit that the attorney for appellant intended to go to Kerrville, the residence of the district judge, on December 15th,—the seventeenth day after term adjourned; that he phoned to Kerrville to ascertain his whereabouts and received information that the district judge had gone on a hunting excursion, and perhaps was forty or fifty miles away from the town of Kerrville "in the woods." That he was unable by this communication to ascertain the whereabouts of the judge further than as stated, and that he did not locate the whereabouts of the judge before the expiration of the twenty days; that as soon as the district judge returned some time about January 1, he immediately went to the town of Kerrville and presented a statement of facts, and that it was approved and on January 4 filed in the proper court. This is the substance of the diligence. We are of opinion that this is not sufficient. It is not shown or attempted to be shown at what time the district judge left Kerrville on his hunting excursion; nor is it shown at what time the agreement was reached between the district attorney and appellant's counsel as to the statement of facts. If the statement of facts had been agreed upon shortly after the adjournment of the court, it was not diligence to seek the district judge or endeavor to locate him on December 14—over sixteen days of the time had then elapsed. If the agreed statement of facts had been approved the day after the term adjourned, there was ample time to have found the district judge and had the statement of facts approved, and this whether he had gone on his hunting excursion or not. This affidavit is too general, and does not show that sufficient diligence was used. Therefore, we are of opinion that the motion to strike out the statement of facts is well taken.

It is unnecessary in the absence of the statement of facts to discuss the questions presented for revision. Without the statement of facts we cannot review intelligently the application for continuance; and viewed from the standpoint of the motion for new trial the testimony may have been of such a character as to have shown that the court was right in refusing it. The same may be said with reference to the criticism of the court's charge. As presented by this record we find no reversible error, and the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.